MAYER BROWN LLP
Nancy G. Ross (*pro hac vice*)
nross@mayerbrown.com
Richard E. Nowak (*pro hac vice*)
rnowak@mayerbrown.com
Megan E. Troy (*pro hac vice*)
mtroy@mayerbrown.com
Abigail M. Bartine (SBN 326993)
abartine@mayerbrown.com
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile:  (312) 701-7711

Robert C. Double III (SBN 301637)
rdouble@mayerbrown.com
350 S. Grand Ave., 25th Fl.
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Timothy Scott, Patricia Gilchrist, Karen Fisher, Helen Maldonado-Valtierra, Judy Duff, John Griffin, Kenneth Rhodes, Judy Dougherty, John Kelly, Richard Walshon, and Dan Koval, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T Inc., AT&T Services, Inc., and the AT&T Pension Benefit Plan,<br><br>Defendants. | Case No. 3:20-cv-07094-JD<br><br>**PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT BY DEFENDANT AT&T SERVICES, INC.**<br><br>Date:         January 6, 2022<br>Time:        10:00 a.m.<br>Judge:       Hon. James Donato<br>Action Filed:   October 12, 2020 |

- 1 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

## NOTICE OF MOTION AND MOTION TO DISMISS

Please TAKE NOTICE that on Thursday, January 6, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable James Donato in the United States District Court for the Northern District of California, Courtroom 11, located on the 19th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant AT&T Services, Inc. will and hereby does move the Court to dismiss Plaintiffs' claim for breach of fiduciary duty brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is supported by the accompanying Memorandum of Points and Authorities and by such other written and oral argument as may be presented to the Court.

Dated:   November 2, 2021                                   Respectfully Submitted,


                                                            By: *s/ Nancy G. Ross*
                                                                Mayer Brown LLP
                                                                Nancy G. Ross

                                                            *Attorneys for Defendants*

- 2 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................................. 1
II.    BACKGROUND .................................................................................................................... 1
       A.     ERISA § 502(a)(2) ...................................................................................................... 1
       B.     Plaintiffs' ERISA § 502(a)(2) Claim Against AT&T Services ............................... 4
III.   ARGUMENT .......................................................................................................................... 5
       A.     Legal Standard for Rule 12(b)(6) .............................................................................. 5
       B.     Plaintiffs Fail To State A Claim Under ERISA § 502(a)(2) Because They
              Do Not Bring This Lawsuit On Behalf Of The Plan But Rather Seek
              Individualized Relief .................................................................................................. 6
       C.     Plaintiffs Further Fail To State A Claim Under ERISA § 502(a)(2) Because
              They Fail To Allege Any Loss To The Plan ............................................................ 9
IV.    CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amalgamated Clothing Tx. Wkrs. v. Murdock*,
   861 F.2d 1406 (9th Cir. 1988) .................................................................................................. 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 5, 7, 10

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) .................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................. 5

*Brandt v. Grounds*,
   687 F.2d 895 (7th Cir.1982) ..................................................................................................... 3

*Car Carriers, Inc. v. Ford Motor Co.*,
   745 F.2d 1101 (7th Cir. 1984) .................................................................................................. 5

*Cave v. Delta of California*,
   2018 WL 5292059 (N.D. Cal. Oct. 23, 2018) ........................................................................... 3

*Cinelli v. Sec. Pac. Corp.*,
   61 F.3d 1437 (9th Cir. 1995) ......................................................................................... 3, 5, 6, 9

*Comer v. Micor, Inc.*,
   436 F.3d 1098 (9th Cir. 2006) .................................................................................................. 3

*Fairview Health Services v. Ellerbe Becket Co. Employee Medical Plan*,
   2007 WL 978089 (D. Minn. Mar. 28, 2007) ............................................................................ 4

*Fernandez v. Franklin Resources, Inc.*,
   No. 17-cv-06409-CW (N.D. Cal. Feb. 6, 2018) ....................................................................... 6

*Friend v. Sanwa Bank California*,
   35 F.3d 466 (9th Cir. 1994) ...................................................................................................... 3

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) .................................................................................................. 5

*Horan v. Kaiser Steel Retirement Plan*,
   947 F.2d 1412 (9th Cir. 1991) .................................................................................................. 3

- ii -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

*Kling v. Fid. Mgmt. Trust Co.*,
    323 F. Supp. 2d 132 (D. Mass. 2004) ............................................................................................. 7

*LaRue v. DeWolff, Boberg & Associates, Inc.*,
    552 U.S. 248 (2008) ..................................................................................................................... 2, 9

*Martin v. Avis Budget Group, Inc.*,
    2020 WL 8994096 (C.D. Cal. Oct. 20, 2020) ............................................................................. 4

*Mass. Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985) ..................................................................................................................... 2, 3, 6

*Mertens v. Black*,
    948 F.2d 1105 (9th Cir. 1991) ..................................................................................................... 7

*Mertens v. Hewitt Assocs.*,
    508 U.S. 248 (1993) ..................................................................................................................... 1

*Mertens v. Kaiser Steel Ret. Plan*,
    744 F. Supp. 917 (N.D. Cal. 1990) ............................................................................................. 7

*Munro v. Univ. of Southern Cal.*,
    No. CV 16-6191-VAP (CFEx) (C.D. Cal. July 12, 2019) ........................................................ 6

*N. Star Int'l v. Ariz. Corp. Comm'n*,
    720 F.2d 578 (9th Cir. 1983) ....................................................................................................... 5

*Nobleza v. Macy's, Inc.*,
    2010 WL 4624000 (N.D. Cal. Nov. 5, 2010) ............................................................................. 3, 10

*Parker v. BankAmerica Corp.*,
    50 F.3d 757 (9th Cir. 1995) ......................................................................................................... 2, 3, 6

*Spinedex Physical Therapy USA, Inc. United Healthcare of Arizona, Inc.*,
    661 F.Supp.2d 1076 (D. Ariz. 2009) .......................................................................................... 6

*Thole v. U.S. Bank N.A.*,
    140 S.Ct. 1615 (2020) .................................................................................................................. 9

*Usher v. City of Los Angeles*,
    828 F.2d 556 (9th Cir. 1987) ....................................................................................................... 5

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) ..................................................................................................................... 2

*Wise v. Verizon Commc'ns Inc.*,
    600 F.3d 1180 (9th Cir. 2010) ..................................................................................................... 2, 3, 9

- iii -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

**Statutes, Rules, and Regulations**

ERISA § 404, 29 U.S.C. § 1104 .................................................................................................7, 10

ERISA § 409, 29 U.S.C. § 1109 ........................................................................................... *passim*

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .......................................................................... *passim*

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ...........................................................................4, 5, 8

Rule 12(b)(6) ...................................................................................................................................5

- iv -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In this action, Plaintiffs bring a splattering of claims against the AT&T Pension Benefit Plan (a defined benefit plan "the Plan"); AT&T Inc. (the Plan Sponsor "AT&T"); and AT&T Services, Inc. (the Plan Administrator and named fiduciary "AT&T Services") that are all premised on the theory that the Plan factors used to convert a participant's pension benefit from the normal form of benefit, a single life annuity ("SLA"), to a joint and survivor annuity ("JSA") are outdated and unreasonable, and participants have been harmed because the calculation and payment of that benefit is less than what ERISA requires. Defendants contend there is no merit to any of Plaintiffs' claims.

This motion brings to the Court's attention a glaring mistake as a matter of law with Plaintiffs' fiduciary breach claim brought under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), set forth mainly in Count IV of the Second Amended Complaint against AT&T Services but also pled as a conclusion in Plaintiffs' other counts. Simply put, a breach of fiduciary duty claim alleged under ERISA § 502(a)(2) must be brought *on behalf of the Plan* to remedy *losses to the Plan* caused by the alleged breach. Because Plaintiffs (1) do not bring this action on behalf of the Plan (indeed, Plaintiffs name the Plan as a defendant); and (2) have failed to plausibly allege that the Plan, as opposed to individual participants, has suffered any losses, they fail to allege any actionable claim under ERISA § 502(a)(2). Each of these failures provides the Court with an independent basis to dismiss Plaintiffs' ERISA § 502(a)(2) claim.

## II. BACKGROUND

### A. ERISA § 502(a)(2)

ERISA's civil enforcement scheme, found at ERISA § 502, 29 U.S.C. § 1132, is "carefully crafted and detailed." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993). Relevant to this motion is ERISA § 502(a)(2), which allows plan participants to bring a cause of action on behalf of a plan against a plan fiduciary for "appropriate relief under [ERISA § 409]." *See* 29 U.S.C. § 1132(a)(2). In turn, ERISA § 409(a) provides:

- 1 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities . . . imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . .

29 U.S.C. § 1109(a).

The United States Supreme Court has repeatedly explained that "[a] fair contextual reading of [Section 409] makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *see also Varity Corp. v. Howe*, 516 U.S. 489, 508–512, (1996) (noting that § 409's fiduciary obligations "relat[e] to the plan's financial integrity" and "reflec[t] a special congressional concern about plan asset management"); *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 255 (2008) (explaining that *Russell* speaks to the impact of § 409 on plans that pay defined benefits and "[m]isconduct by the administrators of a defined benefit plan will not affect an individual's entitlement to a defined benefit unless it creates or enhances the risk of default by the entire plan."). In other words, the touchstone of §§ 502(a)(2) and 409(a) concerns whether a plaintiff's claim seeks to "protect the financial integrity of the plan" by challenging "fiduciary breaches that impair the value of plan assets . . . ." *LaRue*, 552 U.S. at 254.[1]

ERISA § 502(a)(2) provides a mechanism for a plan participant to step directly into the shoes of *the plan* and seek recovery for breaches of fiduciary duty to the plan that result in losses to the plan. *See Wise v. Verizon Commc'ns Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) (a § 502(a)(2) claim for fiduciary breach "gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach.") (citation omitted); *Parker v. BankAmerica Corp.*, 50 F.3d 757, 768 (9th Cir. 1995) ("Any recovery for a

---

[1] In *LaRue*, the United States Supreme Court slightly modified its prohibition on individual § 502(a)(2) actions in *Russell* to accommodate the growing predominance of "defined contribution" plans, a type of benefit plan not at issue here. 552 U.S. at 254-255. The Court did not disturb its holding or rationale in *Russell* as it applies to defined benefit plans and the Court re-emphasized that "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries . . . ." *Id.*

- 2 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

violation of [§§ 409 and 502(a)(2)] must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries.") (citation omitted); *Horan v. Kaiser Steel Retirement Plan*, 947 F.2d 1412, 1418 (9th Cir. 1991), *overruled on other grounds by Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666 (9th Cir. 2011), ("[T]he fiduciary duty provisions in ERISA are primarily concerned with protecting the integrity of the plan, which in turn protects all the beneficiaries, rather than remedying each wrong suffered by individual beneficiaries.").

If a plaintiff fails to allege that a fiduciary's actions impaired the value of the plan's assets, he fails to state a claim under ERISA § 502(a)(2). *See Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1445 (9th Cir. 1995) (affirming dismissal of § 502(a)(2) claim and explaining "[§ 409] governing liability for breach of fiduciary obligations under ERISA only allows recovery for injury to the plan itself"); *Friend v. Sanwa Bank California*, 35 F.3d 466 (9th Cir. 1994) (citing § 409) ("ERISA holds a trustee liable for a breach of fiduciary duty only to the extent that losses to the plan result from the breach."); *see also Brandt v. Grounds*, 687 F.2d 895, 898 (7th Cir.1982) (§ [4]09 "clearly indicates that a causal connection is required between the breach of fiduciary duty and the losses incurred by the plan"); *Cave v. Delta of California*, 2018 WL 5292059, at *4 (N.D. Cal. Oct. 23, 2018) (dismissing § 502(a)(2) claim because, among other reasons, there were no allegations that the defendant's actions had impaired the value of the Plan's assets); *Nobleza v. Macy's, Inc.*, 2010 WL 4624000, at *2-3 (N.D. Cal. Nov. 5, 2010) (dismissing § 502(a)(2) claim because plaintiffs "failed to allege any facts suggesting that the Plan's assets have been misused or that the financial integrity of the Plan has otherwise been jeopardized.").

Likewise, if a plaintiff does not seek relief that inures to the plan itself, he also fails to state a claim under ERISA § 502(a)(2). *See Russell*, 473 U.S. at 140 ("Petitioner contends . . . that recovery for a violation of § 409 inures to the benefit of the plan as a whole. We find this contention supported by the text of § 409, by the statutory provisions defining the duties of a fiduciary, and by the provisions defining the rights of a beneficiary."); *Wise*, 600 F.3d at 1189; *Parker*, 50 F.3d at 768; *see also Comer v. Micor, Inc.*, 436 F.3d 1098, 1100 (9th Cir. 2006)

- 3 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

("[B]y bringing suit under [§ 502(a)(2)], Plaintiff is seeking relief available under [§ 409] . . . which provides for the making good *to the Plans* — not to Plaintiff himself — of any losses incurred as a result of . . . [an] alleged breach of fiduciary duty") (emphasis in original); *Martin v. Avis Budget Group, Inc.*, 2020 WL 8994096, at *6 (C.D. Cal. Oct. 20, 2020) (dismissing § 502(a)(2) claim because it was "clear from Plaintiff's alleged facts that his breach of fiduciary duty claim is entirely predicated on his own individual recovery as opposed to any greater recovery on behalf of the plan."); *Fairview Health Services v. Ellerbe Becket Co. Employee Medical Plan*, 2007 WL 978089, at *5-6 (D. Minn. Mar. 28, 2007) (dismissing § 502(a)(2) claim because the relief plaintiff sought would require the plan to pay a benefits claim and "would benefit [the plaintiff] rather than the Plan.").

### B.  Plaintiffs' ERISA § 502(a)(2) Claim Against AT&T Services

On October 7, 2021, Plaintiffs filed their SAC, not on behalf of the Plan, but "on behalf of themselves and all others similarly situated." (*See* Dkt. No. 88 *generally* ("SAC"); *see also* SAC case caption; p.1 introduction; and ¶¶ 19, 104.). Plaintiffs challenge the Plan's "Joint and Survivor Annuity Factors" ("JSA Factors"), alleging the factors improperly reduce the pension benefits of the individual plan participants who are receiving a JSA (as opposed to another form of pension benefit). Far from bringing their lawsuit on behalf of the Plan, Plaintiffs in fact *are suing the Plan*, along with AT&T and AT&T Services.[2] (SAC ¶¶ 39-45.).

The SAC asserts four causes of action, three of which allege statutory violations of ERISA provisions addressing the calculation of JSAs. (*Id.* ¶¶ 115-150.). The last count of the SAC, Count IV, alleges that AT&T Services breached its fiduciary duties by following Plan terms that allegedly violated ERISA, applying the Plan's factors when calculating Plaintiffs' benefits, and allegedly misrepresenting the benefits owed. (*Id.* ¶¶ 151-162.). Plaintiffs bring Count IV under ERISA § 502(a)(2) and ERISA § 502(a)(3). (*See id.*). Although AT&T Services vigorously

---

[2] Although Plaintiffs refer to the Plan as a "nominal defendant," that does not change the fact that they name the Plan as a defendant and ask the Court to order the Plan to provide the sought relief.

- 4 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

1  disputes the entirety of Count IV under § 502(a)(2) *and* (a)(3), this motion addresses only

2  Plaintiffs' § 502(a)(2) claim, and the other counts in which Plaintiffs plead it as a conclusion.[3]

## III.   ARGUMENT

### A.   Legal Standard for Rule 12(b)(6)

"The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal may be based on a "lack of a cognizable legal theory" or on the "absence of facts that would support a valid theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted). Similarly, the Court need not accept as true legal conclusions cast in the form of factual allegations. *See Twombly*, 550 U.S. at 553-56 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

---

[3] Plaintiffs include conclusory allegations Counts I through III stating they are seeking remedies against AT&T Services under ERISA §§ 502(a)(2) and 409(a). (*See id.* ¶¶ 124-126, 135-137, 148-150.). Not only do these counts fail to provide any factual basis for such a claim, (*see id.* ¶¶ 115-150.), but also §§ 502(a)(2) and 409 do not provide a mechanism for Plaintiffs to recover based on alleged statutory violations. *See Cinelli*, 61 F.3d at 1445. To the extent Counts I through III are construed to include separate § 502(a)(2) claims, they should be dismissed for the reasons stated throughout this motion.

- 5 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

ERISA § 502(a)(2) "is not a catch-all or safety net provision, but rather is a distinct cause of action designed to redress a breach of fiduciary duty that has harmed a plan." *Spinedex Physical Therapy USA, Inc. v. United Healthcare of Arizona, Inc.*, 661 F.Supp.2d 1076, 1091 (D. Ariz. 2009 (citing *Cinelli*, 61 F.3d 1437 at 1445)). As shown below, in addition to failing to bring this action on behalf of the Plan, Plaintiffs fail to allege *any facts* plausibly suggesting that the Plan — as opposed to individual participants — has suffered any loss. (*See* SAC *generally*.) In fact, the SAC is utterly silent as to any duty owed *to the Plan* that was breached by AT&T Services, and how and whether an alleged breach actually *caused loss to the Plan*. (*See id.*). Given such, Plaintiffs' § 502(a)(2) claim should be dismissed.

### B. Plaintiffs Fail To State A Claim Under ERISA § 502(a)(2) Because They Do Not Bring This Lawsuit On Behalf Of The Plan But Rather Seek Individualized Relief

Plaintiffs' civil cover sheet and the caption of their SAC are telling. Rather than bringing the case on behalf of the Plan, they expressly state that they are bringing this lawsuit only "on behalf of themselves and all others similarly situated." (*See* Dkt. No. 1-1 (civil cover sheet); SAC case caption; p.1 introduction; and ¶¶ 19, 104.). These filings alone show that Plaintiffs do not seek to assert this lawsuit on the Plan's behalf under ERISA § 502(a)(2), but rather, on behalf of participants allegedly in the same situation as themselves. *See Russell*, 473 U.S. at 142 n.9 (Congress intended that "actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole."); *Parker*, 50 F.3d at 768 ("Any recovery for a violation of [§ 502(a)(2)] must be on behalf of the plan as a whole . . . ."). When plaintiffs seek to bring an action on behalf of the plan, it is often apparent in the caption. *See e.g. Fernandez v. Franklin Resources, Inc.*, No. 17-cv-06409-CW (N.D. Cal. Feb. 6, 2018) (Dkt. No. 29, plaintiffs bringing first amended complaint "individually and on behalf of a class of all other persons similarly situated, and on behalf of the Franklin Templeton 401(k) Retirement Plan"); *Munro v. Univ. of Southern Cal.*, No. CV 16-6191-VAP (CFEx) (C.D. Cal. July 12, 2019) (Dkt. No. 149,

- 6 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

plaintiffs bringing second amended complaint "individually and as representatives of a class of participants and beneficiaries on behalf of the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax Deferred Annuity Plan").

Here, the only mention of bringing this lawsuit on behalf of the Plan is found in SAC ¶ 160, which is a request for relief paragraph that states: "Pursuant to ERISA § 502(a)(2) and § 409(a), 29 U.S.C. § 1132(a)(2) and § 1109(a), Plaintiffs, on behalf of the Plan, seek all available and appropriate remedies against AT&T Services to redress and make good to the Plan all losses caused by its violations of ERISA § 404, 29 U.S.C. § 1104, including but not limited to the relief to the Plan requested below in the Prayer For Relief." (*Id.* ¶ 160.). This single conclusory paragraph does not transform this action into one in which Plaintiffs bring their claims on behalf of the Plan. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Also fatal to Plaintiffs' claim is their decision to name the Plan as a defendant. (*See* SAC *generally*). As one jurist succinctly explained, in an action that asserts an ERISA § 502(a)(2) claim, "[t]he Plan cannot be both plaintiff and defendant." *Kling v. Fid. Mgmt. Trust Co.*, 323 F. Supp. 2d 132, 147 (D. Mass. 2004); *see also Mertens v. Kaiser Steel Ret. Plan*, 744 F. Supp. 917, 924 (N.D. Cal. 1990) (stating, in ERISA action alleging breaches of fiduciary duty under § 502(a)(2), "the plan should not be named as a defendant"), *aff'd sub nom. Mertens v. Black*, 948 F.2d 1105, 1107 (9th Cir. 1991).

In addition to the caption describing the people on whose behalf Plaintiffs bring the case, the civil cover sheet, and naming the Plan as a defendant, Plaintiffs' own allegations demonstrate that this is not a case brought on the Plan's behalf. To the contrary, Plaintiffs allege in this putative class action that *the Plan has injured them*. (*See*, *e.g.*, SAC ¶ 2 (the Plan "denies [Plaintiffs] their full ERISA-protected vested pension benefits . . . because the Plan's terms reduce these alternate forms of benefits using [JSA Factors] which result in Plan participants receiving less than the actuarial equivalent of their vested accrued benefit, contrary to ERISA."));

- 7 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

¶ 5 ("[T]he Plan's [JSA Factors] reduce benefits for Plaintiffs and the Class . . . ."); ¶ 6 ("The Plan maintains the [JSA Factors] . . . that reduce benefits to less than the actuarial equivalent of the participant's [SLA] benefit . . . ."); ¶ 9 ("This case concerns the [JSA Factors] used by the [] Plan, which improperly reduce pension benefits owed to Plaintiffs and the Class"); ¶¶ 70-71 ("[T]he Plan does not in fact pay to Class members the 'actuarial equivalent' for [JSAs]" in violation of ERISA.); ¶ 81 ("[T]he Plan uses [JSA Factors] that are outdated, unreasonable, less than the actuarial equivalent value of a participant's [SLA], and thus results in the illegal forfeiture of vested benefits under ERISA."); ¶ 83 ("And where [the Plan] does purport to determine 'actuarial equivalence,' it uses mortality assumptions up to fifty years out of date."); ¶ 84 ("[W]hile the Plan acknowledges the actuarial equivalence requirement of ERISA, it fails to utilize an actuarial equivalence calculation for [JSAs]."); ¶ 87 ("The Plan's failure to provide actuarially equivalent [JSA Factors] harms participants taking these benefits . . . ."); ¶ 93 ("[T]he Plan does not use 'reasonable' actuarial assumptions . . . when calculating Plan participants'[JSAs], resulting in a reduction of benefits that is not permitted by ERISA."); ¶ 119 ("[T]he Plan does not calculate [JSAs] using reasonable assumptions for actuarial equivalence.").

Far from alleging claims *on behalf of the Plan*, Plaintiffs ask the Court to *order the Plan* to pay them and the putative class individualized relief in the form of enhanced benefits; they do not seek to cure any loss to the Plan. (*See id.* ¶ 19 ("Plaintiffs bring this action on behalf of the Class pursuant to ERISA § 502(a)(2) and (a)(3) . . . for . . . a declaration that the Plan's [JSA Factors] violate ERISA's actuarial equivalence and non-forfeitability requirements as to the Class; an injunction requiring Plan fiduciaries to ensure that the Plan pays actuarially equivalent benefits to all Class members; . . . reformation of the Plan . . .; and recalculation of benefits for all Class members who received a [JSA] Benefit, and payment to them of the amounts owed under an ERISA-compliant plan."); ¶ 22 (stating the Court has jurisdiction over the Plan because "it offers and pays pension benefits to participants and beneficiaries in this District . . . ."); *see also* ¶ 81 (alleging the Plan's use of the JSA Factors "result[s] in the illegal forfeiture of vested benefits under ERISA."); ¶ 106 (alleging "Whether the [JSA Factors] . . . cause Plan participants in the

- 8 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

1  Class to illegally forfeit their vested benefits" is a question of law and fact common to the Class);

2  ¶ 157 ("Plaintiffs and Class members lost tens of millions of dollars in vested accrued pension

3  benefits.")).[4] And unlike in *LaRue,* the Plan is not comprised of individual accounts like a defined

4  contribution plan; there are no individual accounts into which participants' JSA is paid. Rather,

5  once benefits commence, participants receive their benefit payment directly. (*See id.* ¶ 42

6  (alleging the Plan is a defined benefit plan within the meaning of ERISA § 3(35).).

7  Thus, because Plaintiffs plainly have not brought this lawsuit on behalf of the Plan and are

8  instead seeking to recover enhanced pension benefits for themselves, as opposed to remedying an

9  injury to the Plan, their ERISA § 502(a)(2) claim fails and should be dismissed.

### C. Plaintiffs Further Fail To State A Claim Under ERISA § 502(a)(2) Because They Fail To Allege Any Loss To The Plan

Plaintiffs' ERISA § 502(a)(2) claim also dies on the vine because they have not pled a loss to the Plan. *See Wise*, 600 F.3d at 1189 (claim for fiduciary breach under § 502(a)(2) requires plaintiff to allege that the fiduciary injured the benefit plan or otherwise imperiled the entire plan or put plan assets at risk); *Cinelli*, 61 F.3d at 1445 ("[§ 409] governing liability for breach of fiduciary obligations under ERISA only allows recovery for injury to the plan itself"). Nowhere in Plaintiffs' SAC do they claim that the Plan suffered any loss as a result of the alleged failure to pay Plaintiffs the benefits sought. (*See* SAC *generally*.). Indeed, they cannot do so. As the United States Supreme Court recently recognized, "benefits paid to the participants in a defined-benefit plan are not tied to the value of the plan." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020).

Nor can Plaintiffs logically maintain any loss to the Plan, as the implication of their complaint is that the Plan is retaining benefits due to them. *See Amalgamated Clothing Tx. Wkrs.*

---

[4] Plaintiffs also ask for "disgorgement of any benefits and profits AT&T Services received or enjoyed from the use of the Plan's assets or violations of ERISA." (SAC, Prayer for Relief ¶ L.) Plaintiffs fail to allege that AT&T Services profited or benefited in any way by calculating participants' benefits using the Plan's JSA Factors. (*See* SAC *generally*.) In fact, Plaintiffs allege that these alleged miscalculations benefited AT&T — *not* AT&T Services. (*See id.* ¶ 156.) Therefore, there are no ill-gotten benefits or profits that can be disgorged from AT&T Services and disgorgement does not create a mechanism to craft relief to inure to the Plan as a whole.

- 9 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

*v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988) (contrasting the "clear expression of concern regarding the handling of plan assets" and the absence of equal concern regarding "handling of individual benefit claims"); *see also Nobleza*, 2010 WL 4624000, at *3 (rejecting the plaintiffs' argument that plan assets are being misused "because they are being hoarded rather than distributed" and dismissing § 502(a)(2) claim for failure to plead that plan assets had been misused or that the financial integrity of the Plan has been jeopardized). Plaintiffs do not even try to explain any loss suffered by the Plan as a result of the forfeiture of benefits that they claim has occurred. (*See* SAC ¶ 157 (alleging that, as a result of fiduciary breaches Plaintiffs and Class members — *not the Plan* — lost tens of millions of dollars in vested accrued benefits.)).[5]

The SAC's only allegation referencing any loss to the Plan is the threadbare and conclusory allegation that Plaintiffs "on behalf of the Plan, seek all available and appropriate remedies against AT&T Services to redress and make good to the Plan all losses caused by its violations of ERISA § 404 . . . ." (*See* SAC ¶ 160.). Because Plaintiffs allege no facts supporting their conclusion, they fail to plausibly allege that the Plan suffered *any* loss. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court should dismiss Plaintiffs' ERISA § 502(a)(2) claim because they have failed to plausibly allege any losses to the Plan caused by the application of the Plan's JSA Factors to calculate individual participants' benefits.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant AT&T Services' Partial Motion to Dismiss and dismiss with prejudice Plaintiffs' breach of fiduciary duty claim brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), and the other counts in which Plaintiffs plead it as a conclusion.

---

[5] Plaintiffs also cannot claim that the Plan's JSA Factors impacted the Plan's financial integrity. Plaintiffs specifically allege that, while the Plan used *outdated* assumptions for purposes of calculating the JSA, AT&T uses *updated* assumptions for purposes of Plan funding. (*See* SAC ¶ 93 (emphasis in original).) This argument alone precludes any attempt by Plaintiffs to maintain that the Plan's funding status was in jeopardy, nor have they even tried to do so in their complaint. (*See id.*)

- 10 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx

Dated: November 2, 2021

*/s/Nancy G. Ross*
**MAYER BROWN LLP**
Nancy G. Ross (admitted *pro hac vice*)
Richard E. Nowak (admitted *pro hac vice*)
Megan E. Troy (admitted *pro hac vice*)
Abigail M. Bartine (SBN 326993)
71 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

Robert C. Double III (SBN 301637)
350 S. Grand Ave., 25th Fl.
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendants*

- 11 -
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
BY DEFENDANT AT&T SERVICES, INC.
CASE NO. 3:20-CV-07094-JD

744363601.3
C:\NRPortbl\AMECURRENT\MT056226\744363601_3.docx