UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SCOTT, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>AT&T INC., et al.,<br><br>   Defendants. | Case No. 20-cv-07094-JD<br><br>**SECOND ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 100 |

Defendant AT&T Services, Inc. asks to dismiss plaintiffs' "fiduciary breach claim brought under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), set forth mainly in Count IV of the Second Amended Complaint [(SAC)] against AT&T Services but also pled as a conclusion in Plaintiffs' other counts." Dkt. No. 99 at 1, 5 n.3. In AT&T Services' view, dismissal is warranted under Rule 12(b)(6) because plaintiffs did not plausibly allege a Section 502(a)(2) claim on behalf of the Plan to remedy losses suffered by the Plan, but rather seek purely individual relief. *Id.* at 1. The parties' familiarity with the record is assumed, and the motion is denied, with one exception.

Section 502(a) of ERISA allows plan participants to bring a civil enforcement action against any fiduciary "to make good to such plan any losses to the plan" and for "such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. §§ 1132(a)(2), 1109(a). A "claim for fiduciary breach" under Section 502(a)(2) "gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010); *see also LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 254-256 (2008).

This principle does not compel dismissal of plaintiffs' Section 502(a)(2) claim. AT&T Services says that plaintiffs revealed their true intentions of seeking only individual recovery in comments on a civil cover sheet and in the caption of the SAC, Dkt. No. 99 at 6, but it is the factual allegations in the SAC that count, and a fair reading of those allegations readily demonstrates that plaintiffs seek recovery on behalf of the Plan for losses it suffered from a breach of fiduciary duty and the like. To take one representative example, the SAC alleges that plaintiffs "seek all available and appropriate remedies against AT&T Services to redress and make good to the Plan all losses caused by its violations of ERISA." Dkt. No. 88 ¶ 160. The SAC also alleges the Plan was short-changed because the plan administrator breached its fiduciary duties. *Id*. ¶ 72 (AT&T Services breached duties of prudence and loyalty by calculating retirement benefits in a manner that violated ERISA's actuarial equivalence requirement, which "allowed AT&T Services' corporate parent, AT&T, Inc. to save money by reducing the amount of money AT&T Inc., the Plan sponsor, had to contribute to the Plan to fund benefits."). Among other remedies, the SAC seeks "[r]elief to the Plan from AT&T Services" including "restoration of losses to the Plan," "disgorgement of any benefits and profits," and "payment to the Plan of the amounts owed to Class members caused by fiduciary breach." *Id.* Prayer for Relief ¶ L.

Overall, plaintiffs have plausibly alleged that they are seeking to vindicate an injury to the Plan. The prayer for recovery of "all amounts owed to Class members as a result of the violations of ERISA," individualized restitution, and "restoration of losses" to plan participants, Dkt. No. 88, Prayer for Relief ¶¶ E, I, L, does not warrant a different outcome at this time. During the hearing on the first motion to dismiss, the Court deferred questions of remedies for consideration after motion to dismiss issues. *See* Dkt. No. 45 (minute order); Dkt. No. 47 at 20 (transcript). AT&T Services has not presented a good reason to change tack in this subsequent motion to dismiss. The time will likely come when the scope of the remedies takes center stage, and no doors are being closed here for a full consideration of the question as the record warrants, but for present purposes the SAC plausibly states a claim for injuries to the Plan.

For the issue of the Plan as a defendant, "a plan itself cannot be sued for breach of fiduciary duty." *See Acosta v. Pac. Enterprises*, 950 F.2d 611, 618 (9th Cir. 1991), *as amended on*

2

*reh'g* (Jan. 23, 1992). The SAC is consistent with that rule. Counts I-III are alleged "against AT&T Services and AT&T Inc.," and Count IV is brought solely against AT&T Services. *See* Dkt. No. 88 at 21-27. All of the claims seek recovery for injuries to the Plan itself.

Even so, plaintiffs may "join the Plan in [their] action for breach of fiduciary duty in order that [they] may obtain the relief sought." *Acosta*, 950 F.2d at 618. Consequently, there is no hard and fast rule requiring dismissal of the Plan. In any event, plaintiffs agree that the Plan need not be named as a defendant. *See* Dkt. No. 104 at 8. The Plan is dismissed on that basis. Dismissal is denied in all other respects.

**IT IS SO ORDERED.**

Dated: June 29, 2022

JAMES DONATO
United States District Judge